UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KHALIDAH DECKER,

Plaintiff,

vs.                                                    Case No.:

AFNI, INC.,

Defendants.
_____/

## COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to the FDCPA, and the FCCPA.

3. This action arises out of Defendant's violations of the FDCPA and the FCCPA in its illegal efforts to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.	Plaintiff, KHALIDAH DECKER, is a natural person who resides in the City of Jersey City, County of Hudson, State of New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.	Defendant AFNI, INC., (hereinafter "Defendant AFNI") is a collection agency operating from an address of 404 Brock Drive, Bloomington, IL 61701, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.	Defendant AFNI regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.	Defendant AFNI regularly collects or attempts to collect debts for other parties.

9.	Defendant AFNI was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10.	Plaintiff never incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.	Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12.	Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred by someone other than Plaintiff for personal, family or household purposes.

13.	Defendant attempted to enforce a debt that they knew was not legitimate.

14.	Defendant reported to the credit bureaus an alleged debt that Plaintiff allegedly owed; however, Plaintiff never owed the debt.

15. Defendant improperly communicated an amount not permitted by law, mainly, reported an incorrect debt to consumer credit agencies.

16. Defendant falsely represented the amount and character of the alleged debt to consumer credit agencies.

17. Defendant knew or should have known that the credit information it communicated was false.

18. Defendant communicated a false amount of the debt to the credit agencies, thereby using false representations or deceptive means to attempt to collect the debt.

19. Defendant attempted to collect an amount of the debt that was not expressly authorized by the agreement creating the debt or permitted by law.

## SUMMARY

20. The above-described collection communications made by Defendant, and/or a collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(b), 1692e(2), 1692e(8), 1692e(10), 1692f(1), as well as the FCCPA § 559.72(9).

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION
### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The foregoing act and omission of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

24.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 against Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs.

### COUNT 2

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c(b)

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant improperly communicated an amount not permitted by law, mainly, reported an incorrect amount due and owing to consumer credit agencies.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 3

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant falsely represented the character and amount of debt that was allegedly owed.

29. Defendants attempted to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 4

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8) and 1692e(10)

30.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31.     Defendant improperly communicated an amount not permitted by law, mainly, reported an incorrect debt owing to consumer credit agencies.

32.     Defendant's improper disclosures to the credit agencies were attempts to collect the debt from Plaintiff that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1)

33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34.     Defendant falsely represented the character and amount of debt that was allegedly owed.

35.     The incorrect debt that Defendant attempted to collect form Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 6

### VIOLATION OF 559.72(9) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

36.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.   Defendant attempted to enforce a debt that it knew was not legitimate.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 8

### VIOLATION OF FCCPA §559.75

38.   This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  November 15, 2011              Respectfully submitted,

                                       /s Andrew I. Glenn
                                       Andrew I. Glenn
                                       E-mail:  AGlenn@cardandglenn.com
                                       Florida Bar No.:  026491992
                                       Card & Glenn, P.A.
                                       660 Newark Avenue, Floor 3
                                       Jersey City, New Jersey 07306
                                       Telephone:  (201) 254-5009
                                       Facsimile:   (201) 643-5959
                                       Attorneys for Plaintiff